# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Ottawa Township Board of Trustees, | Case No. 3:17CV228 |
| Plaintiff | |
| v. | **ORDER** |
| New Par, d/b/a Verizon Wireless, et al., | |
| Defendants | |

This is a state-law declaratory-judgment case.

The defendants, New Par (d/b/a Verizon Wireless) and STC Towers, LLC, intend to build, or are in the process of building, a cellular communications tower in a residential district of Ottawa Township, Putnam County, Ohio.

Because the Township's zoning code forbids erection of cell towers in residentially zoned districts, the Ottawa Township Board of Trustees sued defendants in the Common Pleas Court of Putnam County, seeking an injunction that would require them to comply with the Township's zoning code and bar them "from continuing the construction" of the tower. (Doc. 1–2 at ¶13).

After defendants removed the suit to this court, the Trustees moved to remand, arguing that the case did not satisfy the amount in controversy requirement. (Doc. 11). They argued, first, that the case did not put any amount in controversy because their complaint sought only equitable relief. Second, the Trustees argued that I could not count the damages defendants sought by way of counterclaim when calculating the amount in controversy.

In a prior order, I agreed with the Trustees that the counterclaim damages could not satisfy the amount in controversy requirement. *Ottawa Twp. Bd. of Trustees v. New Par*, --- F. Supp. 3d ----, 2017 WL 2928156, * (N.D. Ohio 2017).

But I disagreed that, simply because the Trustees sought declaratory and/or injunctive relief, there was no amount in controversy. Rather, and in accordance with Sixth Circuit precedent, I held that "'the amount in controversy is measured by the value of the object of the litigation.'" *Id.* (quoting *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011)).

In my view, the object of the litigation:

> seem[ed] to be the costs that the defendants will incur to comply with the code, whether in the form of additional expenses to retrofit whatever portion of the tower is currently complete or to redesign the tower from scratch, the loss in value, if any, of a tower that must comply with the Township's regulations when compared to a tower that does not so comply, the sunk costs if the tower project cannot go forward, and the like.

*Id.*

Because the parties had not addressed the question, I ordered supplemental briefing.

In its supplemental filing, STC Towers argues that, if the Trustees were to succeed in this litigation, they "would be able to completely shut down the Defendants' project." (Doc. 25 at 1–2). In that case, STC Towers stands to lose the more than $312,000 it has already spent: nearly $83,000 in costs for "surveys, permits, site acquisition services and the like," and nearly $230,000 in costs for "land acquisition, the tower itself and construction." (*Id.* at 2).

Also at risk, according to STC Towers, is the anticipated revenue stream from operating the facility on behalf of New Par/Verizon. This amounts to $260,000 over a ten-year period. (*Id.* at 2).

In their supplemental filing, the Trustees do not dispute these figures.

2

Rather, they contend that "STC's argument regarding the amount in controversy is essentially a restatement of the claim for damages in its counterclaim – it argues that the Defendants would be injured by not being allowed to proceed with a project they took the risk of starting without having complied with zoning requirements." (Doc. 26 at 2–3). The Trustees go on to argue that my prior order forbids reliance on those damages to establish subject matter jurisdiction.

As the Sixth Circuit has explained, "[t]he costs of complying with an injunction, whether sought by one plaintiff or many plaintiffs, may establish the amount in controversy." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006). But the difficult question "is how to calculate that cost – whether from the perspective of the monetary value of the relief to the plaintiffs (which will generally be modest) or the monetary value of the relief to the defendant (which may be great in some cases)." *Id.*

A circuit split exists on that question, and the Sixth Circuit has not weighed in on it. But I need not try to puzzle out an answer or try to find it in a crystal ball because the Trustees have not offered their own calculation of what the desired injunctive relief will cost the defendants. (Doc. 26 at 2–3).

In my prior order, I contemplated a number of costs that the requested injunctive relief could impose on the defense: the costs of retrofitting the tower, for example, or redesigning the tower so that it would comply with the zoning regulation or otherwise be acceptable to the Township. *Ottawa Twp.*, *supra*, --- F. Supp. 3d at ----, 2017 WL 2928156 at *\_\_. Under some of these scenarios, it seemed possible that the defendants might have incurred costs that did not exceed $75,000.

Nevertheless, the Trustees have not explained – in practical, let alone plausibly precise, terms – what an injunction forcing the defendants to "compl[y] with the Township's Zoning Resolution" (Doc. 26 at 1) would look like. Nor have they put a dollar figure on the many forms that such relief could take.

Moreover, given the Trustees' claim that the defendants are building the tower in a district not zoned for such a use, I agree with the defendants that, should the Trustees prevail, it is possible that the defendants will have to abandon the project, thereby losing more than $75,000. (Doc. 25–1 at ¶¶5–7) (explaining that STC Towers will be unable to recoup nearly $200,000 of the funds already expended if the construction project cannot go forward).

Accordingly, the only evidence in the record establishes that the value of the injunctive relief the Trustees seek exceeds $75,000. I therefore have subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1), and I will deny the Trustees' motion to remand.

It is, therefore,

ORDERED THAT:

1. The Trustees' motion to remand (Doc. 11) be, and the same hereby is, denied; and

2. The clerk shall forthwith set this case for a telephonic status/scheduling conference.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge